Juan Chavez
3023 Texas Dr.
Dallas, TX. 75211
reasonlogiclaw@gmail.com
(512) 436-3757

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juan Chavez,<br><br>Plaintiff,<br><br>v.<br><br>VICTORY STARTS NOW, INC.,<br>a California Non-Profit Corporation,<br><br>Defendant(s). | Case No.:<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:<br><br>1. VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12181 et seq.)<br>2. VIOLATION OF CAL. GOV. CODE § 11135<br>3. PROFESSIONAL AND GENERAL NEGLIGENCE<br>4. DEPENDENT ADULT NEGLECT |

JURY TRIAL DEMANDED

### I. JURISDICTION AND VENUE

1. This Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction) because Plaintiff's first claim arises directly under the laws of the United States, specifically Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.

2. This Court has supplemental (pendent) jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal civil rights claims that they form part of the same case or controversy, arising from a common nucleus of operative facts.

3. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because Defendant Victory Starts Now, Inc. maintains its principal place of business, operates clinical housing facilities, and conducts business within this judicial district, and a substantial part of the events, omissions, and injuries giving rise to these claims occurred in the County of Los Angeles, California.

### II. PARTIES

4. Plaintiff Juan Chavez is a resident of the County of New York, State of New York, and brings this action pro se on behalf of himself, a disabled adult. He maintains a forwarding mail address at 3023 Texas Dr. Dallas, TX. 75211.

5. Juan Chavez (hereinafter "Individual") is, and at all times relevant to this action was, a qualified individual with a mental disability as defined under 42 U.S.C. § 12102 and California Government Code § 11135, having been clinically diagnosed with Bipolar Disorder.

6. Defendant Victory Starts Now, Inc. ("VSN") is, and at all times mentioned herein was, a California non-profit benefit corporation with its administrative mailing office located at 5321 Via Marisol, Los Angeles, CA 90042, operating a network of transient and transitional clinical residential housing facilities throughout Los Angeles County. VSN receives direct financial assistance and public funding through contracts with the County of Los Angeles and its Department of Health Services (DHS).

### III. FACTUAL ALLEGATIONS

7. At all times relevant, Individual was placed in the care and custody of Defendant VSN under a forensic diversion and behavioral stabilization program overseen by the Los Angeles County Office of Diversion and Reentry (ODR).

8. On or about May 23,2027 - October 23, 2027, all criminal charges against Individual were officially dropped, dismissed, and sealed by the Los Angeles County Superior Court. As a matter of law, all criminal justice and forensic jurisdiction over Individual ceased immediately.

9. Despite the total dismissal of criminal charges, Individual remains physically held inside a VSN community facility because Defendant VSN has failed to execute a safe, proactive, and compliant clinical discharge plan.

10. Defendant VSN has informed Plaintiff that Individual must remain indefinitely in their current setting due to a systemic "bottleneck," citing a lack of open civil interim housing beds and the unavailability of a civil Intensive Case Management Services (ICMS) worker to act as a bridge to Permanent Supportive Housing (PSH).

11. Defendant VSN has failed to properly execute and advance Individual's Coordinated Entry System (CES) Triage Tool assessment, resulting in a failure to secure an available permanent housing voucher.

12. Defendant VSN owes a non-delegable duty of care to ensure that high-vulnerability psychiatric patients are not subjected to administrative abandonment or unsafe transitions. Defendant’s ongoing delays and failures to secure a civil funding bridge or execute a "warm handoff" have caused Individual to suffer [describe injury, e.g., severe psychological trauma, heightened risk of psychiatric decompensation, and immediate threats of homelessness].

### IV. CAUSES OF ACTION

#### FIRST CAUSE OF ACTION
**Violation of Title III of the Americans with Disabilities Act (42 U.S.C. § 12181 et seq.)**

13. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

14. Defendant VSN owns, leases, or operates a place of public accommodation, specifically a social service center establishment and residential behavioral program under 42 U.S.C. § 12181(7)(K).

15. Defendant VSN has discriminated against Individual on the basis of disability by failing to provide reasonable modifications to its administrative and housing transition policies, thereby subjecting a vulnerable individual with a severe psychiatric disability to an unsafe, prolonged bottleneck, and denying them equal enjoyment of transitional services.

#### SECOND CAUSE OF ACTION
**Violation of California Government Code § 11135**

16. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

17. California Government Code § 11135 prohibits any program or activity funded or financially assisted by the State or County from discriminating against or neglecting any person on the basis of a mental or physical disability.

18. Defendant VSN receives substantial county funding via public health service contracts. By failing to execute a compliant clinical discharge plan and maintaining an administrative stalemate that threatens Individual's medical stability, Defendant has unlawfully denied Individual the full benefits of, and subjected them to discrimination within, a publicly funded program.

#### THIRD CAUSE OF ACTION
**Professional and General Negligence (California State Law)**

19. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

20. As a contracted residential behavioral care provider, Defendant VSN owed a direct, professional duty of care to use reasonable clinical oversight in the management, transition, and discharge planning of Individual.

21. Defendant VSN breached its duty of care by failing to actively coordinate with the Los Angeles County Housing for Health division, failing to secure continuous civil funding streams, and failing to execute a safe transition plan.

22. As a direct and proximate result of Defendant’s professional negligence, Individual has suffered and continues to suffer severe emotional distress and [insert any specific injuries or medical regressions].

#### FOURTH CAUSE OF ACTION
**Dependent Adult Neglect (Cal. Welf. & Inst. Code § 15600 et seq.)**

23. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

24. Individual is a dependent adult due to severe mental illness and relies entirely on Defendant VSN for shelter, clinical safety, and coordinated psychiatric care navigation.

25. Defendant VSN has structurally neglected Individual by failing to provide the vital housing navigation and transition services required under its standard of care, consciously exposing a vulnerable dependent adult to severe risks of psychiatric harm and homelessness.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For a preliminary and permanent injunction ordering Defendant VSN to immediately coordinate with LA County Housing for Health to resolve the funding bottleneck and secure a safe placement transition;
2. For compensatory, general, and statutory damages according to proof at trial under applicable state law claims;
3. For punitive and exemplary damages due to Defendant's conscious disregard for the safety of a vulnerable individual;
4. For reasonable attorneys' fees and costs of this action, if applicable; and
5. For such other and further relief as the Court deems just and proper.

Dated: September 28, 2026

Respectfully submitted,

____________________________________

Juan Chavez
Plaintiff, Pro Se

Gmail Toliver Totenberg <reasonlogiclaw@gmail.com>

## URGENT: Transition Plan and HFH/CES Referral Request for [Loved One's Full Name]

**Toliver Totenberg** <reasonlogiclaw@gmail.com> Thu, Sep 10, 2026 at 9:02 PM
Draft To: info@victorystartsnow.org, odr.inquiries@dhs.lacounty.gov, info@lahsa.org, grievances@hsh.lacounty.gov, info@hsh.lacounty.gov, patientsafety@dhs.lacounty.gov, interimhousing@ph.lacounty.gov
Cc: EHV@lahsa.org, privacy@hsh.lacounty.gov, communications@hsh.lacounty.gov
Bcc: brooke@vsnhouse.org, CSasis@hsh.lacounty.gov

Dear Victory Starts Now Management and Case Management Team,

I am writing regarding my [relationship, e.g., son/brother], **[Loved One's Full Name]**, who is currently residing at your facility.

As you are aware, [Name]'s criminal charges have been completely dropped and sealed. He has officially maxed out his time under the forensic/ODR diversion framework. We have been informed that he is currently waiting in limbo for an interim housing bed and a civil ICMS worker to act as a bridge to Permanent Supportive Housing (PSH), and that he does not currently possess a housing voucher.

While we deeply appreciate the stabilization VSN has provided, we need to establish a concrete, immediate transition plan. Because his criminal case is entirely resolved, we need to ensure he is seamlessly bridged into the civil healthcare and housing systems without any gap in residency or psychiatric care.

To expedite this bottleneck, I am formally requesting updates on the following actionable steps:

1. **Housing for Health (HFH) Transition:** Has VSN officially submitted a transfer or referral packet to the LA County **Housing for Health (HFH)** division to transition his funding from a forensic contract to a civil county contract? If not, when will this be submitted?
2. **Coordinated Entry System (CES) Assessment:** Has a **CES Triage Tool** or vulnerability assessment been completed and uploaded into the system for him? If so, what is his current status regarding a Permanent Supportive Housing voucher match?
3. **Continuity of Clinical Care:** What is the specific discharge plan to ensure he receives a **30-to-60-day supply of all psychiatric medications** and a warm handoff to a civil ICMS worker or outpatient DMH clinic before any physical relocation?

Under LA County Department of Health Services guidelines, VSN is responsible for ensuring a safe, coordinated clinical discharge. We want to work collaboratively with your team to prevent any risk of homelessness or psychiatric decompensation.

Please let me know a convenient time this week for a brief phone call or meeting to review his transition plan. You can reach me directly at **[Your Phone Number]**.

Thank you for your time, urgency, and continued dedication to [Name]'s recovery.

Sincerely,

**[Your Name]**
[Your Relationship, e.g., Mother/Sister]
[Your Phone Number]
[Your Email Address]

--

https://share.google/aimode/J6hq364O8wjBceCwG

Gmail Toliver Totenberg <reasonlogiclaw@gmail.com>

**PRIORITY SAFETY COMPLAINT: Unsafe Discharge Bottleneck & Failure to Coordinate Care – Victory Starts Now (VSN) – Patient: [Loved One's Full Name]**

**Toliver Totenberg** <reasonlogiclaw@gmail.com> Thu, Sep 10, 2026 at 9:10 PM
Draft To: patientsafety@dhs.lacounty.gov
Cc: odr.inquiries@dhs.lacounty.gov, interimhousing@ph.lacounty.gov
Bcc: grievances@hsh.lacounty.gov, Juan Chavez <jchavez@alumni.berklee.edu>, John Paul Totenbee <beesun.logic.innlaw@gmail.com>

**To the LA County DHS Quality Improvement & Patient Safety Team,**

I am filing a formal clinical safety and quality-of-care complaint regarding my [relationship, e.g., son/brother], **[Loved One's Full Name]** (DOB: [MM/DD/YYYY]), who is currently a resident at a facility operated by county-contracted provider **Victory Starts Now (VSN)**.

## 1. Statement of Imminent Risk

A severe bottleneck in transitioning my loved one from forensic diversion housing to civil housing is creating an immediate risk of **psychiatric decompensation, medication instability, and unsafe discharge**. VSN is failing to execute a compliant, safe "warm handoff" to a civil Intensive Case Management Services (ICMS) provider or interim bed, despite their legal obligations under LA County DHS guidelines.

## 2. Case Background & Context

- **Legal Status:** All criminal charges against [Name] have been completely dropped and sealed. He has officially maxed out his time under the forensic/ODR diversion framework. He is no longer under the jurisdiction of the courts, making his continued placement in a forensic-funded bed structurally untenable.
- **Clinical Vulnerability:** [Name] is a highly vulnerable dependent adult diagnosed with a severe mental illness ([insert diagnosis here, e.g., Schizophrenia / Bipolar Disorder]).
- **The Systemic Bottleneck:** VSN staff have informed us that he is stuck in "limbo" because there are "no civil interim beds" or assigned civil ICMS workers available to bridge him to Permanent Supportive Housing (PSH). Furthermore, a Coordinated Entry System (CES) triage assessment has either not been finalized or has not resulted in a housing voucher match.

## 3. Regulatory and Standards Breaches

Under LA County DHS and Department of Public Health standards, a contracted provider cannot abandon a vulnerable psychiatric patient or pass the blame to county waitlists without a proactive, coordinated clinical discharge plan. Specifically, we are highly concerned by:

- The lack of a clear, documented transition plan switching his funding from a forensic contract to a civil Housing for Health (HFH) contract.

- The risk of an abrupt termination of services or housing, which would result in immediate medical negligence and patient abandonment.
- A potential lapse in psychiatric medication management if he is discharged or relocated without a warm clinical handoff.

## 4. Requested Actions and Remedy

I am requesting that LA County DHS Quality Assurance immediately intervene to:

1. **Investigate VSN's transition protocols** for this specific case and audit their discharge coordination log.
2. **Authorize an emergency funding bridge** through Housing for Health (HFH) to stabilize [Name] at his current location until a civil interim bed and a civil ICMS caseworker are securely assigned.
3. **Expedite his CES / voucher mapping** given his high vulnerability score as an individual exiting the justice system with a severe mental illness.

Time is of the essence to prevent a tragic medical or safety event. Please confirm receipt of this complaint, issue a tracking case number, and advise on the next steps of your investigation.

I can be reached urgently at **[Your Phone Number]** or via email at **[Your Email Address]**.

Thank you for your immediate attention to my loved one's safety.

Sincerely,

**[Your Name]**
[Your Relationship, e.g., Mother/Sister]
[Your Phone Number]

---