UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CHAVEZ,<br><br>Plaintiff,<br><br>-against-<br><br>VICTORY STARTS NOW, INC., a California Non-Profit Corporation,<br><br>Defendant. | 1:26-CV-8561 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Juan Chavez, who appears *pro se* and alleges that he is a resident of New York, New York, and that his mailing address is located in Dallas, Texas, brings this action asserting claims under Title III of the Americans with Disabilities Act of 1990, as well as claims under California state law. He seeks preliminary and permanent injunctive relief, damages, as well as attorneys' fees, costs, and other relief that the court deems just and proper. Plaintiff sues Victory Starts Now, Inc. ("VSN"), which he describes as "a California non-profit benefit corporation with its administrative mailing office located at 5321 Via Marisol, Los Angeles, CA 90042; [it] operat[es] a network of transient and transitional clinical residential housing facilities throughout Los Angeles County," California. (ECF 1, at 2.) Plaintiff also alleges that "VSN receives direct financial assistance and public funding through contracts with the County of Los Angeles and its Department of Health Services (DHS)." (*Id.*)

For the reasons set forth below, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Central District of California.

## DISCUSSION

The appropriate venue provision for all of Plaintiff's claims can be found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be filed in a United States District Court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under this provision, for venue purposes, a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[1] *See* § 1391(c)(1), (2).

Though Plaintiff filed this action in this court, he concedes, in his complaint, that:

> [v]enue is proper in the United States District Court for the Central District of California . . . .because Defendant [VSN] maintains its principal place of business, operates clinical housing facilities, and conducts business within [the Central District of California], and a substantial part of the events, omissions, and injuries giving rise to these claims occurred in the County of Los Angeles, California.

---

[1] For venue purposes, with respect to the residence of a defendant that is a corporation:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

(ECF 1, at 1.) In addition to the abovementioned allegations, he makes additional allegations that make clear that VSN resides in Los Angeles County, California (*see id.* at 2), which lies within the Central District of California, *see* 28 U.S.C. § 84(c)(2), not within this judicial district.[2] Thus, it is clear that, under Section 1391(b)(1), the United States District Court for the Central District of California, and not this court, is a proper venue for this action.

In addition, Plaintiff alleges that the events giving rise to his claims occurred in Los Angeles County, California (ECF 1, at 1-2), which, as discussed above, lies within the Central District of California, *see* § 84(c)(2), not this judicial district. Thus, under Section 1391(b)(2), the United States District Court for the Central District of California, and not this court, is a proper venue for this action.

Under 28 U.S.C. § 1406(a), if a plaintiff files a civil action in a wrong federal district court, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As discussed above, because VSN resides in the Central District of California, and because the alleged events occurred within that judicial district, the United States District Court for the Central District of California is the only proper venue for this action. Accordingly, in the interest of justice, this Court transfers this action to that court. *See id.*

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Central District of California. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 5, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge